Motion to dismiss appeal denied March 2, submitted on briefs on the merits March 30, modified April 20, 1926.

# W. A. GARRETT ET AL. *v.* EMMA R. HUNT ET AL.

### (244 Pac. 82; 245 Pac. 321.)

Appeal and Error—Statute, Providing That No Appeal shall be Taken to Supreme Court in Any Action for Recovery of Money or Damages Only, Unless Amount in Controversy Exceeds $250, Does not Apply to Suits in Equity (§ 548, Or. L., Amended by Laws 1923, p. 216).

1. Portion of Section 548, Or. L., amended by Laws of 1923, page 216, providing that no appeal shall be taken to Supreme Court in any action for recovery of money or damages only, unless amount in controversy exceeds $250, does not apply to suits in equity, though only part of judgment appealed from is allowance of attorney fees.

---

1.   See 2 R. C. L. 35.

ON THE MERITS.

**Costs.**

2. Attorney's fees. are recoverable only when provided for by law or by contract.

**Costs.**

3. Under Section 561, Or. L., the term "costs" properly includes only the indemnity for attorney's fees fixed by statute.

**Costs—Vendee, Who Fully Performed and Paid Consideration, upon Winning Suit for Specific Performance, was not Entitled to Attorney's Fees, Neither Statute nor Contract Providing Therefor.**

4. Where vendee, who fully performed and paid consideration, won suit for specific performance of contract, such vendee could not recover attorney's fees; there being no provision of statute nor condition in contract authorizing court to require defendants to pay such fees.

---

2. See 7 R. C. L. 792.

Appeal and Error, 3 C. J., p. 379, n. 92.
Costs, 15 C. J., p. 114, n. 88, 89, p. 117, n. 21.
Specific Performance, 36 Cyc., p. 793, n. 65.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

This was a suit in equity to compel the specific performance of a contract for the purchase of land situated in Multnomah County, Oregon. The defendants appeared first by general demurrer, which was overruled, after which an amended complaint was served upon counsel, who had filed the general demurrer. Thereafter, the defendants and appellants herein filed an answer to the amended complaint in which they admitted all the allegations therein save and except the attorney's fee asked by the plaintiffs and respondents in the sum of $125 as damages and judgment for the recovery of the same.

The court entered a decree settling the title to the real property described in the amended complaint, and giving judgment in favor of the plaintiffs for $125 attorney's fee, and costs and disbursements.

The defendants appeal from that part of the decree providing for the recovery against them of $125 attorney's fee. Plaintiffs now appear and move to dismiss upon the ground that, the amount in controversy being less than $250, this court has no jurisdiction.                                   OVERRULED.

For the motion, *Mr. Ernest Cole.*

*Contra, Messrs. Emmons, Lusk & Bynon.*

McBRIDE, C. J.—1. Section 548, Or. L., provides generally for the review on appeal of judgments and decrees, and, so far as it applies to this matter, is as follows:

"No appeal to the supreme court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250."

Counsel for respondents has cited many decisions from other states under statutes similar to our own, but not one of them seem to be in point in this case. In this state, the distinction between a suit in equity and an action at law is well preserved, and it will be seen that that part of the section quoted applies only to actions. The fact that the principal matter concerning which the suit was instituted was finally admitted by the defendants did not transmute the suit into an action, and, whatever the rule may be under the peculiar statutes of other states, we are bound by the terms of the statute.

The motion to dismiss will be overruled.

                                   MOTION OVERRULED.

Modified April 20, 1926.

ON THE MERITS.

(245 Pac. 321.)

For the appellants there was a brief over the name of *Messrs. Emmons, Lusk & Bynon.*

For the respondents there was a brief over the name of *Mr. Ernest Cole.*

RAND, J.—2, 3. This case presents the sole question of whether under a contract for the sale of land, the vendee who has fully performed and paid the consideration money is, upon winning the case, en-titled to recover attorney's fees in addition to costs and disbursements in a suit for the specific performance of the contract in the absence of some statute or agreement for the payment of such fees. Attorney's fees are recoverable only when provided for by law or by contract. Section 561, Or. L., provides:

"The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment or decree certain sums by way of indemnity for his attorney fees in maintaining the action or suit, or defense thereto, which allowances are termed costs."

As used in this statute, the term "costs" "properly includes only the indemnity for attorney fees fixed by statute." *Livesley* v. *Strauss,* 104 Or. 356 (206 Pac. 850, 207 Pac. 1095); *In re Pittock's Estate,* 102 Or. 159 (199 Pac. 633, 202 Pac. 216, 17 L. R. A. 218); *State ex rel.* v. *Estes,* 34 Or. 196, 213 (55 Pac. 25); *Mitchell & Lewis Co.* v. *Downing,* 23 Or. 448 (32 Pac. 394); *Wood* v. *Fitzgerald,* 3 Or. 568, 583.

In *State* v. *Estes, supra,* this court said:   ·

"The expenses incident to the trial of an action not being recoverable at common law, the right to recover them must be found in the statute."

Again in *Wood* v. *Fitzgerald,* the court said:

"All the authorities concur in declaring the right to recover costs to be purely statutory. No such right existed at common law."

In the instant case, in addition to obtaining a decree requiring the defendants to execute a deed to plaintiff for the property involved, and awarding to plaintiff the costs and disbursements of the suit, the court, in the absence of any provision in the contract or of any statute authorizing such decree, inserted in it a provision requiring the defendants to pay, in addition to the statutory costs and disbursements, the further sum of $125 as attorney's fees, and from that portion of the decree awarding such attorney's fees defendants appealed.

4. There is no provision of statute or condition contained in the contract which authorized the court to require the defendants to pay these attorney's fees, and for that reason the decree of the lower court will be modified, eliminating therefrom the requirement that defendants pay plaintiffs the sum of $125, or any part thereof as attorney's fees, but except as modified, the decree of the lower court will be affirmed.                                           MODIFIED.