Argued September 13; affirmed October 17; rehearing denied
November 21, 1933

# BOYCE *v.* TOKE POINT OYSTER CO., ET AL.

(25 P. (2d) 930)

*C. O. Fenlason* and *J. M. Hickson,* both of Portland, for appellant.

*Edgar Freed,* of Portland (Simon, Gearin, Humphreys & Freed, of Portland, on the brief), for respondent.

KELLY, J. On or about February 1, 1922, defendant, the Toke Point Oyster Company, consolidated, a corporation, executed and delivered to plaintiff its promissory note for $20,000, bearing interest at eight per cent from its date, payable May 1, 1922, and providing for the payment of a reasonable attorney's fee in case of suit or action thereon.

Defendants, W. C. Bristol and Claude D. Starr, endorsed said note in blank before the same was delivered to plaintiff.

It is alleged in plaintiff's complaint that Starr and Bristol endorsed said note for value received. It is also therein alleged that said note was not paid when due and said endorsers waived presentment and notice of dishonor of said note.

In plaintiff's reply to appealing defendant's answer it is admitted that said note was not presented

to the maker thereof for payment when the same became due.

A transcript of the testimony has not been filed, and we are therefore confined to a consideration of the pleadings and findings in determining the questions here presented.

■ The appealing defendant contends that the complaint is upon one theory and the recovery upon another or others. The words, "for value received", in the allegation, "that said note was endorsed for value received", may be treated as surplusage. These words neither add to nor detract from plaintiff's cause of action against the endorsers.

■ We cannot adopt the construction of plaintiff's allegation that "said endorsers waived presentment and notice of dishonor of said note", which would restrict plaintiff to proof of a joint waiver by both endorsers. We think that under the liberal rule of construction universally applied to pleadings after issue joined, evidence of waiver by either endorser was admissible; and that giving effect to such evidence, as to the endorser making such waiver, does not constitute the award of a recovery upon a theory different from the one upon which plaintiff's complaint is based.

■ Two questions present themselves at this point. The first of these questions is whether the nature of the liability of one of several endorsers is such that such endorser is precluded from alone waiving presentment and notice of dishonor. The liability of one who with others endorses a note before its delivery to the payee is a secondary, conditional, joint liability. It may become a primary, joint liability by the performance on the holder's part of the conditions,

namely, making presentment and giving notice of dishonor. Section 109 of the Negotiable Instruments Law.

"Notice of dishonor may be waived, either before the time of giving notice has arrived or after the omission to give due notice, and the waiver may be express or implied." Section 57-721, Oregon Code 1930.

The legal effect of a valid waiver of presentment and notice of nonpayment is to convert the secondary, conditional liability of the endorser into a primary absolute liability. The first question then resolves itself into whether the nature of the liability of one, who with others endorses a note as in the case at bar, is such that waiver cannot be made except by the concerted action of all of the endorsers. The ground, which suggests itself for arguing that only one of the several endorsers cannot make such waiver, is that in its result it renders the one so waiving liable in a larger and different degree than contemplated by his original obligation. As imposed by the endorsement he would be liable jointly with the other endorsers with the right of contribution against them. As affected by a waiver upon his part alone, if such waiver is valid, he becomes liable for the entire amount of the obligation without any right of contribution against his co-endorsers.

Notwithstanding such a result, the court cannot withhold from an endorser the right to waive presentment and notice. A waiver is the intentional relinquishment of a known right. Whether the right so relinquished is of great or little value does not affect the capacity of its owner to relinquish it. In all cases, a waiver to some extent enlarges the scope liability on the part of one making such a waiver.

The second of the questions involved is whether conduct constituting a matter of estoppel may be considered upon an allegation of waiver.

■ A waiver by an endorser may result from any words and acts which, by fair and reasonable construction, are of such a character as will satisfy the mind that a waiver was intended or which will justify the holder in assuming that the endorser intended to dispense with notice or to induce him to forego the usual steps necessary to fix the liability of the endorsers. 7 Cyc. 1126; 2 Daniel on Negotiable Instruments (6th Ed.) § 1103, p. 1255.

■ While waiver belongs to the family of estoppel and the doctrine of estoppel lies at the foundation of the law of waiver, they are nevertheless distinguishable terms. 40 Cyc. 255. The difference between waiver and estoppel is that in the former the result is voluntary, while in the latter the conduct of the party may have been voluntary, but with intention not to lose any existing rights, yet, if such conduct mislead, then estoppel arises. *Libby v. Haley,* 91 Me. 331, 333 (39 Atl. 1004).

In the case at bar, the request made by appealing defendant to plaintiff as shown by the finding of the trial court, while, if misleading, would constitute estoppel; nevertheless, in the candid, sincere and honest sense characteristic of said defendant, as we know him, it comprises a proper basis for a finding of the fact of an express waiver by said defendant.

We are unable to concur in appealing defendant's suggestion that the judgment herein rests upon a different cause than the one set forth in plaintiff's complaint. The complaint alleges that said defendant and another are endorsers upon the note in suit; that said

endorsers waived presentment and notice of dishonor; that the note has not been paid. As to appealing defendant, the allegation of waiver has been established. The result, which is the entry of a judgment of the entire claim against appealing defendant only, does not ensue because of any other or different fact or facts than those comprising the waiver alleged in the complaint, but rather as a result of said defendant's waiver of the rights which were well known to him.

■ It would have been better to have alleged the facts constituting the waiver rather than merely stating that presentment had been waived; but, after issue joined, the complaint in that respect is sufficient.

The case of *Case v. McKinnis*, 107 Or. 223 (213 P. 422, 32 A. L. R. 167), is relied upon by appealing defendant. That is a case instituted by Mr. Case to recover from his co-endorser, Mr. McKinnis, under the principle of law which gives one debtor, who is required to pay a claim, for the payment of which another debtor is also liable, the right to require from such other debtor proportional contribution or reimbursement. It was not necessary for the decision of the question there involved to hold that one of two endorsers, who waives presentment and notice of dishonor, is not bound by such waiver. The result there reached was correct. McKinnis, who, as stated, was a co-endorser with Case, did not waive presentment, or notice of dishonor. Obviously, McKinnis was released from liability upon failure of the holder of the note at maturity to make presentment and seasonably to give notice of dishonor. For that reason, Case could not enforce contribution from him. We think, however, that the plain import of section 109 of the Negotiable Instruments Law, above quoted, renders a waiver by one of several

endorsers valid and effective as to the endorser making such waiver.

We have considered the case of _First National Bank of Ludington v. Michigan-Arkansas Corporation,_ 231 Mich. 597 (204 N. W. 719, Cornell L. Q. 57) but to the extent that it renders ineffective an express waiver by some only of several co-endorsers, we are unwilling to follow it.

The judgment of the circuit court is affirmed.

RAND, C. J., BELT and ROSSMAN, JJ., concur.