## DOYLE *v.* KAMMERAAD.

1. PLEADING—MOTION TO DISMISS—ADMISSIONS.

    In action of case all well-pleaded material allegations of fact in the declaration and necessary inferences to be drawn therefrom must be considered as true and viewed in the light most favorable to plaintiff; conclusions and opinions being disregarded.

2. APPEAL AND ERROR—MOTION TO DISMISS—QUESTIONS REVIEWABLE.

    On review of order granting motion to dismiss declaration in action of case, the only question is whether the declaration states a cause for action.

3. MUNICIPAL CORPORATIONS—TORT CLAIM AGAINST CITY.

    City's motion to dismiss action of tort against it was properly granted where plaintiff had not served a written notice of claim for damages pursuant to city charter as' the city would have been entitled to a directed verdict had the case gone to trial (Grand Rapids Charter, title 5, § 33).

4. ACTION ON THE CASE—CIVIL SERVICE—HEARING—DAMAGES—POLICEMAN.

    Police lieutenant who sued former coemployees and superior officers in action of case because of alleged conspiracy resulting in his dismissal from the police department of city may not recover damages because he was deprived of hearing by the civil service board where his appeal to such board is still pending.

5. MUNICIPAL CORPORATIONS—CONTROL OF CITY POLICE DEPARTMENT.

    The control of a city police department is a function of local municipal government.

6. SAME—POLICE FORCE—DISCIPLINE.

    Members of a police force, as well as its responsible officers, in many respects constitute a military force, something more than an ordinary executive branch of government, as discipline must be enforced and the members must surrender individual powers and freedom of action in favor of undivided allegiance to their public duty.

7. SAME—POLICE TRIAL BOARD—HEARINGS—EVIDENCE—PROCEDURE.

General rules of evidence and procedure as applied in a trial at law do not govern the hearings of a trial board to determine charges against a police officer.

8. SAME—POLICE TRIAL BOARD—PROCEDURE—EVIDENCE.

Since law and order can only be maintained in the hands of police officers who are, in the opinion of their superiors, fit and proper persons to administer and enforce the law, the superiors' responsibility should not be curtailed or circumscribed by insistence upon application of technical rules as to the admissibility of proof by city police trial board, although the board's finding of fact must be supported by competent evidence.

9. ACTION ON THE CASE—POLICEMAN—GOVERNMENTAL FUNCTION—CIVIL SERVICE—REINSTATEMENT—BACK PAY—CITY CHARTER.

Police lieutenant in action of case against his coemployees and superior officers for conspiracy resulting in his dismissal from the city police department may not recover damages under declaration recognizing defendant's acts were in the exercise of a governmental function and where his rights to reinstatement and back salary are yet to be determined on appeal to civil service board in accordance with city charter.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 5, 1944. (Docket No. 63, Calendar No. 42,859.) Decided January 2, 1945.

Case by Leo M. Doyle against Peter A. Kammeraad and others and the City of Grand Rapids for damages caused by his unlawful removal as a police officer of the city of Grand Rapids. Judgment with prejudice for defendants on motion to dismiss. Plaintiff appeals. Affirmed as to city of Grand Rapids. Modified and affirmed as to other defendants.

*Fred P. Geib,* for plaintiff.

*Ganson Taggart, Merle C. Baker,* and *John F. Livingston,* for defendants.

BOYLES, J. Plaintiff-appellant, a former lieutenant of police of the city of Grand Rapids, filed a declaration in trespass on the case against the city ,of Grand Rapids and certain public officers of said city, namely, the city manager, the superintendent of police, the assistant chief of police, a lieutenant of police, a captain of police, a policewoman and the assistant city attorney, claiming, in effect, that these individuals acted in concert or conspired together to bring about his dismissal from the police department of said city. The individual defendants filed a motion to dismiss the declaration on the grounds, among others, that the defendants were acting within the scope of their respective official duties, performing a governmental function, and that the declaration failed to state a cause for action. The city filed a separate motion to dismiss, adding as a ground for dismissal that no notice of plaintiff's claim had been served on the city as required by the city charter. The court granted the motions, entered an order dismissing the suit *with prejudice,* and plaintiff appeals.

Well-pleaded material allegations of fact in the declaration and necessary inferences to be drawn therefrom must be considered as true and viewed in the light most favorable to plaintiff; conclusions and opinions must be disregarded. *Grevnin* v. *Collateral Liquidation, Inc.,* 302 Mich. 274. The only question is whether the declaration states a cause for action.

The order granting the motion to dismiss as against the city of Grand Rapids, a municipal corporation, is affirmed. Title 5, § 33, of the city charter provides that if any claim is made against the city in an action of tort, the claimant shall serve written notice upon the city specifying certain things. No notice of plaintiff's claim for damages against the city was served. If the case had gone to trial the

city would have been entitled to a directed verdict on motion. *Moulthrop* v. *City of Detroit*, 218 Mich. 464; *Northrup* v. *City of Jackson*, 273 Mich. 20.

The remaining question, the liability of the individual defendants, is stated in plaintiff's brief as follows:

"When certain municipal employees successfully 'gang up' unlawfully to procure the discharge of a fellow municipal employee, may the discharged employee maintain an action for damages against those combining against him?"

The declaration is lengthy and in three counts. The factual situation alleged in the first count is substantially as follows:

On December 8, 1942, and for several years prior to that date plaintiff was a lieutenant of police in good standing in the police department of the city of Grand Rapids, in charge of the identification bureau; that for 10 years and upwards plaintiff had been a member of said police department; that plaintiff had acquired a wide acquaintance and a good reputation; that defendant Peter A. Kammeraad was city manager and exercised supervisory control of the police department as director of public safety; that defendant Frank J. O'Malley was superintendent of police of said police department; that defendant Albert F. Scheiern was assistant chief of police of said department and superintendent of detectives; that defendant Al DeVries was a lieutenant of police subordinate to plaintiff in the bureau of identification of said police department; that defendant Leigh Slater is a captain of police in charge of the third precinct station, the immediate superior of one Joseph Schaab, a policeman of said department; that defendant Emma Geiser is a policewoman employed in said police department;

that defendant Clifford C. Christenson was and is an assistant city attorney. As to Christenson, the case against him was dismissed by consent.

Plaintiff's declaration alleges:

"That on and prior to December 8, 1942, the said individual defendants who were connected with said police department each for his or her own purpose and then unknown to plaintiff, desired to displace plaintiff as head of said identification bureau and to bring about his dismissal from said police department."

Plaintiff further alleges that during the evening of December 8, 1942, plaintiff attended a regular meeting of the Metropolitan Club, an organization of policemen and firemen of said city of Grand Rapids; that said meeting was also attended by one Joseph Schaab, a policeman of said city, who was a casual acquaintance of plaintiff, that said Schaab was not on police duty during said evening and was not in uniform; that Schaab learned that among certain of plaintiff's superiors in said department and among certain other defendants herein there was intense jealousy of plaintiff and that it was desired to find cause to remove plaintiff from his said position. The declaration goes on to charge that between 11 and 12 o'clock that night Schaab, in order to curry favor with his superiors in the department, got plaintiff to take him (Schaab) on an errand in plaintiff's car to Wealthy street and return, which plaintiff did, and that plaintiff then proceeded to take his family to his own home; that later on the same night Schaab went in his own car to a section of the city where there were a number of houses of ill-repute, parked his car, was discovered there by one Moomey, a police officer who was on duty there; and plaintiff claims that thereupon Schaab "invented,

concocted and narrated to said officer Moomey a false, slanderous and obscene account of action and doings then and there stated by said Schaab to have taken place between him and plaintiff herein in part during the said ride from the Young building to Wealthy street and return, and in part in said Young building. Said false, slanderous and obscene statements are set forth in full in plaintiff's exhibit A, hereto attached, reference whereto is prayed for greater certainty. Plaintiff avers that said statements, insofar as they purport to impute wrongdoing to plaintiff, are false in fact and are the concoctions of a distorted and insanely ambitious mind, made by said Schaab for the purpose of currying favor with his superiors and with others envious of plaintiff, to enable them to consummate their purpose to find a reason or excuse to dismiss plaintiff from the said police department."

The exhibit A referred to details conduct said to be charged to plaintiff by Schaab too foul to mention further than that it involves acts of gross indecency.

The declaration then alleges that Schaab repeated these charges of gross immorality to certain of the defendants herein, that both Schaab and plaintiff were suspended from the police force, that the city manager (defendant Kammeraad) notified plaintiff he was discharged and advised him that he had a right to be heard, and stating a time and place for such hearing by the city manager. Plaintiff claims that he was entitled to a hearing *de novo* before the civil service board of the city (see *Babcock* v. *City of Grand Rapids,* 308 Mich. 412, since decided); that he could not be lawfully discharged except in conformity with the civil service provisions of the city charter; but that the city manager and the other defendants usurped the powers of the civil service

board, took testimony, made a record for the purpose of making it binding on the civil service board, all of which plaintiff avers was unlawful and beyond the powers of the defendants to do. Plaintiff was notified of his permanent discharge, Schaab was later reinstated, and plaintiff claims that he suffered great loss and damage by the foregoing acts and conduct of the defendants.

In the second count plaintiff declares he was damaged by the hearing held by the city manager, that the same was not a lawful hearing, that unlawful and hearsay testimony was received, by reason of which "said defendants and each of them have wrongfully and unlawfully contributed to deprive plaintiff of his position and of his livelihood and of his good name, fame and reputation, and have wrongfully and unlawfully deprived plaintiff of his civil rights, privileges and immunities under the common law and wrongfully and then and there unlawfully deprived plaintiff of due process of law whereby plaintiff has been seriously and permanently injured and damaged in his good name, fame, reputation and means of livelihood, and has been caused to suffer intense shame, humiliation and distress, and as a further result thereof plaintiff has unlawfully been deprived of his salary and emoluments as lieutenant of police from December 9, 1942, to date hereof and is permanently injured and damaged in his future ability to earn a livelihood."

The third count charges that Schaab was promised legal counsel by the city if he would repeat his statements at the hearing, that the defendants conspired to deprive plaintiff of his legal right to a hearing before the civil service board by holding the hearing before the city manager, resulting in his discharge from the police force, to his great loss and damage of $50,000.

We have considered it necessary to detail at some length the nature and extent of plaintiff's claims. No issue is before us as to whether Schaab is or was liable in damages to plaintiff, as Schaab is not a party in the case before us. Plaintiff's right of action, if any, against the individual defendants is predicated on their official acts, acting in their official capacity for the city. Largely, plaintiff's claim for damages arises from a misconception by the city authorities of certain ambiguous provisions in the city charter as to the rights of plaintiff under respective powers of the city manager and the civil service board in holding hearings before civil service employees of the city could finally be separated from the city payroll. That the defendants herein acted in entire good faith in following the procedure complained of by plaintiff is apparent from the fact that this procedure, and the underlying interpretation of the city charter, was on the advice of experienced city counsel, and generally followed by the defendants herein until our recent decision (April, 1944) in the *Babcock Case, supra.* Perhaps some consolation for the erroneous interpretation of the charter by defendants and their eminent city counsel may be found in our divergent views as expressed in the opinions in that case.

Plaintiff in his declaration complains that he has been deprived of his full right of a hearing before the civil service board. The judge who heard defendants' motions to dismiss, and who granted the motions subsequent to our decision in the *Babcock Case,* in a written opinion stated that plaintiff is, of course, entitled to a full hearing before the civil service board. Obviously this is in conformity with our decision in the *Babcock Case.* Plaintiff's brief, although the statement is dehors the record, admits that plaintiff has appealed to the civil service board

for a hearing *de novo,* and that this appeal is still pending. There is no merit in plaintiff's claim for damages by being deprived of such hearing.

The declaration plainly shows that the acts of the defendants were official acts in pursuance of their interpretation of the city charter. The charter provides for a city manager, and is ample authority for the official positions held in city affairs by the other defendants. As city manager, defendant Kammeraad was director of public safety; other defendants held positions of responsibility in the police department.

"There is no doubt the control of a city police department is a function of local municipal government." *Smith* v. *Flint City Commission,* 258 Mich. 698.

The individual defendants herein were responsible to the people for law enforcement and preservation of the public peace. Members of a police force, as well as its responsible officers, in many respects constitute a military force, something more than an ordinary executive branch of government. Discipline must be enforced, and the members must surrender individual powers and freedom of action in favor of undivided allegiance to their public duty. *Fraternal Order of Police* v. *Lansing Board of Police & Fire Commissioners,* 306 Mich. 68. Plaintiff avers that the city manager heard hearsay testimony, and conducted a hearing not in accordance with established rules and practice. General rules of evidence and procedure as applied in a trial at law do not govern the hearings of a trial board to determine charges against a police officer.

"Law and order can only be maintained in the hands of police officers who are, in the opinion of their superiors, fit and proper persons to administer

and enforce the law. Such responsibility should not be curtailed or circumscribed by insistence upon the application in each instance of technical rules as to admissibility of proof, even though the finding of fact by the board must be 'supported by evidence.' On the other hand, the police trial boards should be free to work out their own rules of procedure and pursue such methods of inquiry that will permit them to adequately discharge their responsibilities to the public. The rules of fair play in such instances are of far more importance to the public and the police officers concerned than is the application of strict legal procedure." *Aller* v. *Detroit Police Department Trial Board*, 309 Mich. 382, 389.

In the *Babcock Case* we recognized the right of the city manager, under the charter, to hold an informal hearing on the issue as to whether a civil service employee should be dismissed. The city manager had the power, under the charter, to hold the hearing which plaintiff avers was illegal, and to discharge the plaintiff. The only error was in concluding that the plaintiff did not have the right to a hearing *de novo* before the civil service board, instead of a mere review of the record made by the city manager on the informal hearing held by him.

Apparently counsel for plaintiff recognizes that the acts of the defendants were in the exercise of a governmental function, but counsel in his brief superimposes upon defendants' duties in that regard a further responsibility as follows:

"The alleged performance of a so-called *governmental function* is no defense to a municipality or its officers where it is shown that such defense is put forward by the city and its officials to shield a trespass against plaintiff's civil rights resulting in damage to plaintiff."

As has been pointed out, there has been no "trespass against plaintiff's civil rights," inasmuch as

plaintiff still has a hearing pending before the civil service board to determine his right to reinstatement, or salary since his dismissal. Admitting the well-pleaded allegations of fact, and disregarding the opinions and conclusions stated therein, the declaration does not state a cause for action.

The order dismissing the suit is affirmed, but it must be *without* prejudice to plaintiff's right to a hearing in accordance with the city charter as construed in the *Babcock Case, supra,* and without prejudice to plaintiff's right, if any, to reinstatement, or for salary if it be found he was wrongfully discharged from his position. With that exception, the judgment is affirmed, with costs to appellees.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, SHARPE, and REID, JJ., concurred.