Argued November 30, affirmed December 21, 1960

# DRAPER *v.* MULLENNEX ET AL

357 P. 2d 519

*Donald D. McKown,* Hillsboro, argued the cause for appellant. On the briefs was Paul M. Reeder, Hillsboro.

*Thomas M. Goldsmith,* Portland, argued the cause and filed a brief for respondents.

Before McAllister, Chief Justice, and Warner, Perry, Goodwin and King, Justices.

WARNER, J.

This matter had its origin in the District Court for Multnomah County. There the respondent Mullennex, as plaintiff and as assignee of Boyd and Erwin, attorneys, brought action for professional services upon a balance due in the amount of $600, together with

interest at six per cent from December 2, 1957. The petitioner, as the defendant in that action, moved to dismiss plaintiff's complaint on the ground that the court did not have jurisdiction of the subject matter for the reason that the amount demanded was in excess of $1,000. The manner of computing the excess by the petitioner will later appear. The district court overruled the motion, whereupon Draper petitioned the circuit court for a writ of review. After hearing, the writ was dismissed. From that order of the circuit court, the petitioner Draper appeals.

Plaintiff's complaint as first filed alleged services rendered of the reasonable value of $773, with a balance of $600 as due under the assignment. She also alleged in paragraph V the following:

> "That defendant['s] failure and refusal to pay for these services has necessitated the plaintiff's employment of an attorney for the collection thereof, and that the reasonable fee for said attorney is the sum of three hundred and fifty dollars ($350.00)."

■■ The district court is one of inferior jurisdiction. In civil matters its jurisdiction is limited to cases wherein the amount claimed does not exceed $1,000. ORS 46.060. Jurisdiction is tested by an examination of the ad damnum clause or clauses of the complaint. *Salitan v. Dashney,* 219 Or 553, 347 P2d 974, 976 (1959), and cases there cited.

A cursory inspection of paragraph IV, wherein the claim of $600 is alleged, together with interest thereon at six per cent from December 2, 1957, and paragraph V, demanding payment of $350 as attorney's fee, would seem to indicate a total claim in excess of $1,000, or approximately $1,025. But a more critical examina-

tion, particularly of paragraph V, results in a contrary conclusion.

■ The question of jurisdiction is only to be resolved from what may be found in the several allegations well pleaded. Surplusage or other matters which may be treated as surplusage, irrelevant or immaterial, raise no issue and should be disregarded. *Doyle v. Kammeraad,* 310 Mich 233, 17 NW2d 165; *Zaepfel v. Parnass,* 140 Misc 539, 250 NYS 740; *Neis v. Whitaker,* 47 Or 517, 521, 84 P 699; *Graham v. Coos Bay R. & N. Co.,* 71 Or 393, 403, 139 P 337; *Patterson v. Skoglund,* 181 Or 167, 178, 180 P2d 108; *Lytle v. Payette-Ore. Irr. Dist.,* 175 Or 276, 293, 152 P2d 934; 71 CJS 1038, Pleading § 508(2); 41 Am Jur 323, Pleading § 51.

Allegations which neither add to nor detract from material allegations are surplusage. 41 Am Jur, supra, at 323, § 52; *Boyce v. Toke Point Oyster Co.,* 145 Or 114, 116, 25 P2d 930. The test of surplusage is whether such matter could be stricken and leave a good pleading. 71 CJS, supra, at 96, § 36; 41 Am Jur, supra, at 323, § 52.

■ An allegation in an ad damnum clause claiming attorney fees not recoverable must be disregarded in the determination of jurisdictional amounts. *Massachusetts B. & Ins. Co. v. San Francisco-Oakland T. Rys.,* 39 Cal App 338, 178 P 974; *St. Paul Fire & Marine Ins. Co. v. Peck,* 37 Okla 85, 130 P 805, 807; *Gannett v. King* (Fla 1959), 108 S2d 299, 302; 21 CJS 74, Courts § 59.

With these rules in mind, we turn to test the allegations of paragraph V to determine whether they would be vulnerable to a motion to strike. By reference to paragraph V it will be observed that the fees there sought to be recovered are those incurred by plaintiff for the collection of the account for which the instant

action was brought. In short, plaintiff thereby seeks to compel defendant to pay all costs of the litigation, including the reasonable value of plaintiff's attorney's fee.

■ The right to recover attorney's fees from an opponent in litigation does not exist at common law. The general rule is that such an item of expense is not allowable in the absence of a statute or some agreement expressly authorizing the allowance of attorney's fees in addition to the ordinary costs. 20 CJS 456, Costs § 218; 14 Am Jur 38, Costs § 63.

This court has consistently adhered to that rule and has denied litigants a recovery from their adversaries of any part of their attorney's fees except the costs awarded by ORS 20.070. *Kern v. Gentner,* 176 Or 479, 486, 159 P2d 190, 164 ALR 1077; *Garrett v. Hunt,* 117 Or 673, 676, 244 P 82, 245 P 321; *State Land Board v. Sovenko,* 202 Or 571, 574, 277 P2d 781.

■■ If plaintiff is entitled to a judgment for attorney's fees against a defendant by reason of any special contract or particular statutory allowance other than provided by ORS 20.070, then the right to such recovery should be particularly pleaded and proved. See *Manning v. Lesher* (Tex Civ App 1956), 290 SW2d 538, 541. Here, however, we find that paragraph V when read with reference to the nature of the claim as alleged in paragraph IV does not confer upon plaintiff the right to recover any attorney's fee beyond that provided by ORS 20.070, supra.

If plaintiff relies upon some special statute which she believes confers such right, she has made no endeavor to justify it by appropriate reference thereto. In the absence of any allegation as to the foundation of her claim for attorney's fee, the matter found in paragraph V is surplusage, vulnerable to a motion

to strike, and should be ignored when making a determination as to the jurisdiction of the court.

Thus, with the deletion of paragraph V as surplusage, we find the district court acquired jurisdiction of the subject matter of the action by the filing of the first complaint and the circuit court was correct in dismissing the writ of review.

Affirmed.