Argued January 9, affirmed as modified March 19, petition
for rehearing denied April 29, 1969

## HART, *Respondent, v.* HOISTING & PORTABLE ENGINEERS, *Appellant.*

451 P2d 859

*Clifford D. O'Brien,* Portland, argued the cause and
filed a brief for appellant.

*Harvey W. Keller,* Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and MENGLER, Justices.

SLOAN, J.

Plaintiff's deceased husband had been a member of defendant union since 1948. He died on January 15, 1967. During all of these years the union had provided a death benefit to its members. The cost of the death benefit was borne by a small assessment included in the union dues. The dues were payable quarterly.

The union by-laws provided that if the dues and assessments were not promptly paid in advance on the date due that the member could be suspended from the union and that his right to death benefits would also be forfeited. Plaintiff's husband had paid his dues to January 1, 1967, but the dues were unpaid at the time of Hart's death. Hart was confined with the terminal illness on January 1.

However, for most of the years of Hart's membership in the union he had been delinquent in the payment of his dues. The union had consistently accepted Hart's late payments. He had never been suspended for non-payment. This appears to have been the practice of the union officers in respect to other members.

When plaintiff claimed the death benefits for Hart's death, defendant refused payment because of the non-payment of dues that had become due on January 1, 1967. In this action the trial court held that defendant had waived the right to prompt payment and directed a jury verdict in plaintiff's favor. We agree

with the trial court's result—but believe that the union was estopped by its conduct from asserting the forfeiture of the contract. 1967, *Reed v. Commercial Insurance Co.*, 248 Or 152, 432 P2d 691; 28 Am Jur 633, Estoppel and Waiver § 30. Defendant appeals.

There was evidence that officers of defendant union had frequently warned Hart that he would lose his benefits if he continued to be delinquent in payment. It is argued that because of these warnings, there can be no estoppel.

■ The authorities do not support defendant's arguments. The most persuasive case is *Kitzinger v. Journeymen Barbers I. Union* (Mo App, 1937), 103 SW2d 547. In an almost identical situation the court held that an attempt to exercise, for the first time, the power of suspension or forfeiture after the death of a member comes too late. The court held that:

"* * * If it wishes to have the benefit of strict enforcement of its laws, it should see to it that its laws are enforced when the dues are coming in as well as when called upon to pay out death benefits. * * *." 103 SW2d at 552.

This does no more than follow the recognized rule that strict performance of a contract can be waived. Restatement, Contracts 444, § 300, states the rule to be applied in this case:

"Acceptance of defective performance of a condition or promise does not operate as an assent to receive further similar performance except where successive acceptances of such performance justify the belief that performance of that character is satisfactory, and induced thereby the party rendering performance materially changes his position."

The comment to the rule dispels any doubt that the rule is applicable here.

The trial court allowed plaintiff her attorney fees. We find no basis for that allowance. *Draper v. Mullennex et al,* 1960, 225 Or 267, 357 P2d 519. The judgment must be modified to eliminate the judgment for attorney fees, otherwise it is affirmed.