Argued and submitted September 9, 1998, affirmed October 13, 1999

# TIMBER SERVICE COMPANY,
## a Minnesota corporation,
### *Respondent,*

### *v.*

## Lynn F. ELLIS,
### *Appellant.*

## (95-2198; CA A98287)

988 P2d 396

Steven A. Heinrich argued the cause for appellant. With him on the brief was Morley, Thomas & McHill, LLC.

Thomas P. E. Herrmann argued the cause for respondent. With him on the brief was Gleaves Swearingen Larsen Potter Scott & Smith LLP.

Before Landau, Presiding Judge, and Armstrong and Wollheim, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff initiated this action to quiet title in a disputed parcel of land and to obtain damages for timber trespass. Defendant asserted a counterclaim of adverse possession of the disputed parcel. The trial court entered a judgment of dismissal as to the counterclaim and entered judgment for plaintiff, awarding damages and attorney fees. Defendant appeals, arguing that the trial court erred in rejecting his adverse possession counterclaim and in awarding attorney fees to plaintiff. We affirm.

The relevant facts are undisputed. Plaintiff owns a parcel of property in rural Linn County. It first acquired the property in 1957 and has managed the property ever since as timber land. The northeast corner of plaintiff's property borders on a ranch once owned by Carl and Leeona Ellis. The Ellises acquired the property in the 1930s. From that time, they fenced in and made use of the disputed parcel, approximately five acres of plaintiff's property, located at the northeast corner. Meanwhile, plaintiff apparently ignored the fence and continued to manage it as timber land, paying the property taxes on the property, entering onto it, marking its boundaries and marking trees for timber sale.

In 1976, the Ellises conveyed the ranch to their grandson, defendant, and his wife. The metes and bounds description of the property conveyed did not include the disputed parcel of plaintiff's land. No other document evinces an intention to include the disputed parcel in the conveyance. There is no evidence of any conversation between either of the Ellises and defendant concerning an intention to include the disputed parcel.

Defendant and his wife were divorced. As part of the property settlement, defendant's wife conveyed her interest in the ranch to defendant. That deed, too, made no mention of the disputed parcel.

Defendant nevertheless believed that his grandparents had acquired the disputed parcel by adverse possession and had intended to transfer it with the rest of the ranch in 1976. Believing that he owned the disputed parcel, defendant

cut down 12 trees growing on it. The stumpage value of the trees is $1,803.10.

This action followed. In its complaint, plaintiff alleged that it owns the disputed parcel and that it is entitled to a declaration to that effect. It also alleged that, although it is entitled to treble damages under ORS 105.810, it seeks only $4,000 plus costs and attorney fees pursuant to ORS 20.080. In his answer, defendant alleged that, because he had acquired the disputed parcel through the adverse possession of his grandparents, he is entitled to judgment declaring him owner of the property and dismissing the timber trespass claim.

At trial, following the close of defendant's presentation of evidence, plaintiff moved for a judgment of dismissal pursuant to ORCP 54 B(2), arguing that there was a complete absence of evidence to support defendant's counterclaim of adverse possession. The trial court allowed the motion, dismissed the counterclaim, quieted title in plaintiff, and awarded double damages of $3,606.

Plaintiff then petitioned for an award of attorney fees pursuant to ORS 20.080. Defendant objected to the award of fees on the ground that ORS 20.080 applies only when the "amount pleaded is $4,000 or less." According to defendant, the amount pleaded exceeded the $4,000 limit because the complaint includes a prayer for $4,000 *plus costs and attorney fees*. The trial court awarded costs and attorney fees.

■ On appeal, defendant first assigns error to the trial court allowance of the motion for a judgment of dismissal of his adverse possession counterclaim. On review of the trial court's decision to allow a motion for judgment of dismissal, we examine the whole record to determine whether defendant offered evidence of a *prima facie* case on his adverse possession counterclaim. *See Scholes v. Sipco Services & Marine, Inc.*, 103 Or App 503, 506, 798 P2d 694 (1990).

■ To establish an adverse possession claim, there must be clear and convincing evidence of "actual, open, notorious, exclusive, continuous and hostile possession of the property for a 10-year period." *Schoeller v. Kulawiak*, 118 Or App 524,

528, 848 P2d 619, *rev den* 317 Or 272 (1993). In this case, there is no evidence that defendant made use of the disputed parcel for the requisite 10-year period, and defendant does not argue otherwise. Defendant's sole argument is that *his grandparents* satisfied the requirements of adverse possession some time before they conveyed their ranch to him and that they intended to transfer with the ranch the additional disputed parcel that they had acquired by adverse possession. Plaintiff argues that whatever rights defendant's grandparents may have acquired before 1976, the fact remains that they conveyed to him only the ranch, without any reference to the disputed parcel of plaintiff's property. Thus, as to the disputed parcel, there is no privity between defendant and the Ellises, and defendant cannot claim their adverse possession as his.

In *Evans v. Hogue*, 296 Or 745, 681 P2d 1133 (1984), the Supreme Court addressed the extent to which a party may "tack," that is, may claim to his or her benefit the adverse possession of another party. The court explained:

> "Tacking is the doctrine recognizing that possessory interests in property may be passed through a series of possessors if they are in privity with each other. Privity exists if successive possessions are connected by an understanding that the rights of the possessor will be transferred, and if a transfer of possession in fact occurs. *West v. Edwards*, 41 Or [609,] 614[, 69 P 992 (1902)]. It is the law in this state that:
>
>> " 'In order to create the privity requisite to enable a subsequent occupant to tack to his possession that of a prior occupant, it is not necessary that there should be a conveyance in writing. It is sufficient if it be shown that the prior occupant transferred his possession to him, even though by parol.' *Vance v. Wood*, 22 Or [77,] 88[, 29 P 73 (1892)].
>
> "Where the circumstances show an intent to transfer the grantor's interest in the property not included in the deed, we have recognized a transfer of the grantor's interest in those cases in which the grantor's adverse use of the property has been less than 10 years. We see no reason why a predecessor's interest in the property attained by possessing the property for the full statutory period cannot be

transferred in the same way, so long as there is a similar intent between grantor and grantee. We now hold that *where there is evidence of intent between grantor and grantee to transfer the grantor's interest in property,* the grantee may acquire the grantor's interest, vested and complete, in those situations in which the grantor has adversely possessed for the statutory period."

*Id.* at 755-56 (emphasis added).

Thus, the determinative question in this case is whether there is evidence that the Ellises intended to transfer any rights in the disputed property that they may have acquired by adverse possession. Having carefully examined the record, we conclude that there is none. The deed conveying the ranch to defendant and his wife makes no mention of the disputed parcel or any adverse possession claim. There is no evidence of any conversations between either of the Ellises and defendant or anyone else concerning their intent to transfer any interest they may have acquired in the disputed parcel to defendant and his wife. There is in this record no basis on which to find that the Ellises intended to transfer any interest they may have acquired in the disputed parcel of plaintiff's land. In consequence, there is no privity as to the disputed parcel and no basis for tacking any adverse possession of the Ellises to defendant's adverse possession counterclaim.

■■ Defendant argues that, even if he cannot claim the benefit of his grandparents' adverse possession, the fact remains that they did adversely possess the land at the very least by the 1950s, well before plaintiff acquired the property. Accordingly, defendant concludes, we should declare that the Ellises are the rightful owners of the disputed parcel. Defendant's grandparents are not parties to this action, however. We cannot determine the rights of parties who are not before us. *Rohner et ux v. Neville,* 230 Or 31, 41, 365 P2d 614 (1961) ("Only the defendant, whose interest has been weighed and found wanting, is concluded by this decree. * * * We do not attempt to decide the rights of possible parties who are not before the court."). We therefore conclude that the trial court did not err in allowing the motion for judgment of dismissal of defendant's adverse possession counterclaim.

In his second and third assignments, defendant contends that the trial court should not have quieted title in favor of plaintiff and should not have awarded damages for timber trespass. The basis for both assignments is that defendant should have prevailed on his adverse possession counterclaim. Given our disposition of the first assignment, it necessarily follows that we must reject the second and third assignments, as well.

■       Defendant finally assigns error to the trial court's award of attorney fees. He argues that, because the complaint included a prayer for $4,000 plus costs and attorney fees, the $4,000 cap imposed by ORS 20.080 has been exceeded, and attorney fees are not available under that statute. Plaintiff argues that the statute imposes a cap on the amount of damages requested only and that the amount of costs and attorney fees are not considered part of the "amount pleaded."

To determine the proper construction of ORS 20.080, we examine its text in context and, if necessary, its legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). ORS 20.080 provides, in part:

> "In any action for damages * * * where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action * * *."

From the phrasing of the statute, it is clear that the "amount pleaded" is distinguished from an award of attorney fees. That reading only makes sense. To begin with, the amount of costs and attorney fees cannot be determined at the time of the filing of the complaint; they are determined only after the case has concluded. In addition, were costs and attorney fees included, very few cases—if any—ever would come within the reach of ORS 20.080. The most likely reading of the statute is that the "amount pleaded" refers to the allegation of damages only.

Construction of similarly worded statutes confirms that common sense reading of ORS 20.080. The old district

court jurisdiction statute, for example, provided for exclusive district court jurisdiction over cases for the recovery of money damages "when the amount claimed does not exceed $3,000." ORS 46.060(1)(a) (1981). The cases uniformly held that costs and attorney fees not alleged as part of the plaintiff's substantive claim are not included in the jurisdictional amount. *Draper v. Mullenex et al*, 225 Or 267, 270-71, 357 P2d 519 (1960); *Springer v. Bowen, Lee & Co.*, 60 Or App 60, 63, 652 P2d 863 (1982). We conclude that the trial court did not err in awarding attorney fees under ORS 20.080.

Affirmed.