Argued and submitted January 18, 2000, vacated in part and remanded with instructions June 6, 2001

Elsie J. BIGELOW
and John H. Bigelow II,
*Appellants,*

*v.*

WILEY MT. INC.;
Shelley P. Smith;
and William Kelley,
*Respondents.*

16-97-10590; A106530

26 P3d 162

Janet M. Schroer argued the cause for appellants. With her on the opening brief was Hoffman, Hart & Wagner.

Larry O. Gildea argued the cause and filed the brief for respondents Wiley Mt. Inc., and William Kelley.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.*

SCHUMAN, J.

_____

* Schuman, J., *vice* Armstrong, J.

## SCHUMAN, J.

Plaintiffs appeal from a trial court judgment declaring that defendants have an easement across their property and denying plaintiffs' motion for a directed verdict to quiet their title as against defendants. We vacate the judgment and remand with instructions to enter a judgment quieting plaintiffs' title as against defendants.

Plaintiffs and defendants[1] own property in Lane County. Defendants' five tax lots lie to the east of plaintiffs' one lot, Tax Lot 301. The Eugene Water and Electric Board (EWEB) has an easement running through plaintiffs' and two of defendants' lots for the purpose of building and maintaining a power transmission line and a maintenance road beneath it. EWEB acquired the part of this easement that runs through what is now defendants' property in a document recorded on December 5, 1960, and the part running through what is now plaintiffs' property, Tax Lot 301, later that month by a document executed on December 20, 1960. All parties in this case agree that EWEB continues to have an easement across Tax Lot 301. Defendants, however, claim that they, too, have the right to use the maintenance road, having acquired that right from EWEB. Plaintiffs disagree. After an incident of alleged trespass, plaintiffs sued for various forms of relief. Only one is relevant to this appeal: they sought a judgment quieting title to their property as against defendants. The trial court denied that relief, holding that defendants had an easement interest in plaintiffs' Tax Lot 301 coextensive with EWEB's, that is, an easement to use the road but only for purposes of maintaining the power transmission line. Plaintiffs appeal from the trial court's judgment recognizing defendants' easement interest in their property and assign error to the trial court's denial of their motion for a directed verdict on the quiet title claim. Defendants did not file a cross-appeal but maintain in their response to plaintiffs

---

[1] Defendants in this action are Wiley Mountain, Inc. (Wiley), its employee William Kelley, and Shelley P. Smith. Defendant Shelly Smith owns only an undivided one-half interest in one tax lot; she filed no response to plaintiffs' appeal, and our references here to defendants' arguments are, therefore, to those of defendants Wiley and its employee Kelley.

that this court, incident to its equitable power on *de novo* review, should expand the terms of the easement found by the trial court so as to permit them to use the road across plaintiffs' property not only to maintain EWEB's power line, which they have no interest in doing, but also to travel to and from the nearby state highway. Because we conclude that defendants have no easement interest whatsoever in plaintiffs' property, we do not address the question whether we should grant defendants' request to expand their easement interest or whether we have that power in any event. *See Booras v. Uyeda*, 295 Or 181, 188-90, 666 P2d 791 (1983) (appellate court may not render judgment more favorable to a respondent and less favorable to an appellant than the judgment entered below, even on *de novo* review).

Defendants do not assert that they or their predecessors in interest acquired an easement over Tax Lot 301 directly from an owner of that property. Rather, they rely on the following language from the document under which EWEB obtained its easement across what is now defendants' property from their predecessor in interest, Evelyn Smith:

> "The city [*i.e.,* EWEB] further agrees that Evelyn Bigelow Smith, her heirs and assigns, shall have the right of ingress and egress and be able to transverse any and all areas under said transmission line hereafter, and may prepare any such roadways necessary to transverse the same, so long as the same does not interfere with the operations of said transmission line."

According to defendants, in this sentence EWEB agreed to give Smith the right to build and use a road underneath and parallel to the power line so that Smith could travel from her property to the nearby state highway, even where that power line ran over Tax Lot 301 and other unnamed properties. Defendants characterize this grant as part of the consideration that EWEB gave Smith in return for EWEB's easement: Smith granted EWEB an easement to build and maintain a power line over Smith's property and, in return, EWEB gave Smith the right to build and use a road underneath the power line from Smith's property to the highway.

■    That characterization of the transaction has a fatal problem: at the time the Smith-EWEB document was executed and recorded, EWEB had no easement interest whatsoever in Tax Lot 301. If the language means what defendants contend, then EWEB was conveying an interest it had not yet acquired—in essence, promising that when and if it obtained an easement across Tax Lot 301 and all other property over which it planned to build its power line, Smith, her assigns and successors would be able to use that easement.

■    One cannot, however, grant or transfer an interest in land that one does not own. *Beck v. Lane County,* 141 Or 580, 593, 18 P2d 594 (1933); *Scott v. Curtis,* 103 Or App 389, 395, 798 P2d 248 (1990) ("Because [grantor] had no interest in TL 905, he could not create an easement over that property in favor of the [plaintiff]."); Jon W. Bruce, et al., *Law of Easements & Licenses,* § 3.03 (revised ed 1995). EWEB did not secure any interest in Tax Lot 301 until three weeks after the Smith transaction. Further, "[i]n order to convey an after-acquired interest, it is necessary either to specifically mention the intention of the grantor so to do or to make such recitals as will preclude the grantor from thereafter disputing the full force and effect of his conveyance." *United States Nat. Bank v. Miller et al.,* 122 Or 285, 289-90, 258 P 205 (1927). The Smith-EWEB "conveyance" contains no express indication that the parties intended it to include EWEB's after-acquired rights.

■    In fact, the sentence on which defendants rely more logically (and more lawfully) gives them only the right to bisect the east-west EWEB easement when going between the north half of their own property and the south half. Although defendants maintain that the language granting Smith and her successors a right to "transverse any and all areas under said transmission line" should be read as granting them the power to go through any property that EWEB's easement will ever go through, the phrase "said transmission line" more logically refers only to that portion of the line located on Smith's land. Since the plain, ordinary meaning of the word "transverse" is to "lie or pass across: cross," *Webster's Third New Int'l Dictionary,* 2431 (unabridged ed 1993), we conclude that the provision does no more than memorialize Smith's and EWEB's understanding that Smith,

her assigns and her successors would be able to cross from one side of the power line easement to the other.

■    We conclude, then, that the Smith-EWEB document does not grant Smith or her successors a right to cross Tax Lot 301 and that, even if it did purport to do that, it could not, because the grantor could not grant what it did not own. Accordingly, defendants, as successors in interest to Smith, have no easement interest in plaintiffs' property. The trial court erred in holding otherwise.[2]

Judgment declaring that defendants have an easement in Tax Lot 301 vacated; remanded with instructions to quiet title in plaintiffs as against defendants.

---

[2] Defendant argues briefly that a judgment quieting title in plaintiffs, subject only to EWEB's power line maintenance easement, would create "breaches of covenant issues" between EWEB and defendants, thus rendering EWEB a necessary party under ORCP 29 A. *Cf. Gildow v. Smith*, 153 Or App 648, 654, 957 P2d 199 (1998) (rejecting argument that third party who used easement was necessary party to dispute between dominant and servient tenement holders). That argument was raised at trial only in closing argument; defendant never moved to join EWEB, ORCP 29 A, or to dismiss for failure to join, ORCP 29 B. Nor has defendant cross-appealed or cross-assigned error to EWEB's absence below. Defendant's failure to cross-appeal on that point waived the argument, and we decline to consider it here. ORAP 5.45; *State v. Rivas*, 100 Or App 620, 622, 788 P2d 464, *rev den* 310 Or 122 (1990) (argument not assigned as error waived on appeal). *See also* ORCP 21 G(3) (defense of failure to join indispensable party may be raised by pleading, motion, or at trial); *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 384, 8 P3d 200 (2000), *adhered to on recons* 331 Or 595, 18 P3d 1096 (2001) (defense enumerated in ORCP 21 G may not be raised for the first time on appeal).