Argued and submitted July 2, on appeal, reversed and remanded; cross-appeal
dismissed as moot November 17, 2010, petition for review denied
March 25, 2011 (350 Or 130)

Romanna MANUSOS,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

Francis L. SKEELS, Sr.,
and Donna F. Skeels,
Husband and Wife,
*Defendants-Appellants*
*Cross-Respondents.*

Columbia County Circuit Court
062566; A141722

243 P3d 491

William C. Cox argued the cause for appellants - cross-respondents. With him on the briefs was Gary P. Shepherd.

Robert J. Miller, Sr., argued the cause and filed the briefs for respondent - cross-appellant.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

LANDAU, P. J.

## LANDAU, P. J.

The principal issue in this case is whether someone who is not party to a deed may nevertheless obtain its reformation. Plaintiff contends that, when defendants acquired their property from a third party, the deed was supposed to have included an easement for her benefit. She argued that, because defendants were aware of her interest, the deed should be reformed to reflect it. The trial court agreed and reformed the deed to include an easement for plaintiff's benefit. Defendants appeal, arguing that, because plaintiff was neither a party to the deed nor in privity with any party to the deed, she cannot seek its reformation, and the trial court erred in granting that relief. Plaintiff cross-appeals, arguing that the trial court also erred in failing to award her attorney fees. We conclude that defendants are correct that the trial court erred in reforming the deed and reverse and remand on that basis. Our disposition of the appeal renders moot plaintiff's cross-appeal.

On *de novo* review, ORS 19.415(3)(b) (2007);[1] *Kish v. Kustura*, 190 Or App 458, 460, 79 P3d 337 (2003), *rev den*, 336 Or 615 (2004), we find the following facts. In 2002, plaintiff and her daughter and son-in-law, the Cowleys, were interested in purchasing a large lot in Vernonia, Oregon, along the Nehalem River. To facilitate the sale, plaintiff and the Cowleys asked the owner to divide the large lot into two parcels. Plaintiff purchased the smaller parcel upon which the original house, a guest house, gardens, and a koi pond were located. The Cowleys purchased the larger parcel, and placed their mobile home there. Also located on the Cowleys' parcel is an Indian well. This well was connected to the koi pond and an irrigation system that provided water for the gardens on plaintiff's parcel. Although plaintiff used the well as her own with no objection from the Cowleys, no formal, written easement memorialized her right to use the well.

---

[1] In 2009, the legislature amended ORS 19.415(3)(b), making discretionary this court's *de novo* review of cases in an equitable proceeding other than those that involve the termination of parental rights. Or Laws 2009, ch 231, § 2. Because this appeal was filed before the effective date of that statutory change, the current version of the statute does not govern our standard of review in this case. Accordingly, we apply the prior version, which requires *de novo* review of all cases in an equitable proceeding.

In late 2004, the Cowleys put their parcel up for sale. They discussed with their real estate agent their desire that plaintiff have continued access to the well. The real estate agent suggested that the Cowleys prepare an easement. Meanwhile, defendants expressed interest in purchasing the Cowleys' property. Defendants made an offer on the property, and the Cowleys accepted. The sales agreement provided that "[b]uyer agrees to allow current owner of property located to the south[, *i.e.*, plaintiff,] access to Indian well."

Some time after the execution of the sales agreement, the Cowleys' real estate agent asked an attorney to draft a water easement for plaintiff's benefit. The easement, however, was not prepared in time for closing. At the closing, on March 14, 2005, the parties executed an addendum to their sales agreement, stating that "[s]eller will comple[te] and pay cost of easement for waterline to adjacent property." Yet no easement documentation existed at the time of closing. Of particular importance is the fact that the statutory warranty deed to the Cowley's property contained no exception, encumbrance, or other mention of an easement for an irrigation well or water line. Still, the Cowleys signed that deed, and defendants and the Cowleys completed the closing process.

The following day, March 15, 2005, the deed was recorded. That same day, the Cowleys and plaintiff signed a document that purported to grant plaintiff an easement to continue to use the Indian well on what was now defendants' property. The Cowleys recorded that easement on March 16, 2005.

For the next 17 months, plaintiff continued to use the well without interruption or objection from defendants. In August 2006, however, defendants and plaintiff had a falling out as to the ownership of the well. Plaintiff was not able to use the well for several months, causing her koi fish and many of the plants in her garden to die. Plaintiff initiated this action against defendants for reformation, estoppel, and easement by implication.

Following a two-day trial, the trial court granted plaintiff relief by ordering the deed to be reformed to include an easement for the benefit of plaintiff, to enable her to

obtain water from the well on defendants' property. The trial court also awarded plaintiff money damages based on defendants' interference with the easement and plaintiff's loss of her fish and plants. The trial court held that plaintiff's other claims were moot because reformation of the deed gave her complete relief.

■　Defendants appeal that judgment, arguing that the trial court erred in reforming the deed. According to defendants, plaintiff could not seek reformation as a matter of law because she is neither a party to the deed between defendants and the Cowleys nor in privity with any of the parties to that deed.

■　It is black-letter law that reformation will be allowed only as against the original parties to an instrument or someone who is in privity with the original parties to the instrument. *Zink et ux v. Davis et ux*, 203 Or 49, 53, 277 P2d 1007 (1954); *Security S. & T. Co. v. Portland F. M. Co.*, 124 Or 276, 302, 261 P 432 (1928) (holding that a mistaken instrument may be corrected by the original parties and those in privity). In this case, it is undisputed that plaintiff was not a party to the deed at issue. Thus, she is entitled to reform that deed only if she is in privity with one of the parties to that deed, namely, the Cowleys or defendants.

■　"Privity" refers to "successive possessions" that are " 'connected by an understanding that the rights of the possessor will be transferred, and * * * a transfer of possession in fact occurs.' " *Timber Service Co. v. Ellis*, 163 Or App 349, 353, 988 P2d 396 (1999) (quoting *Evans v. Hogue*, 296 Or 745, 755, 681 P2d 1133 (1984)). In this case, no such relationship of successive possession between plaintiff and either party to the deed has been established.

■　To begin with, neither party argues that the water easement executed by the Cowleys the day after the deed was executed established the necessary privity. That makes sense, given the fact that, by the time the easement had been executed, the Cowleys no longer had any interest in the property to grant to plaintiff. "One cannot * * * grant or transfer an interest in land that one does not own." *Bigelow v. Wiley Mt. Inc.*, 174 Or App 538, 542, 26 P3d 162 (2001).

Instead, plaintiff claims that, because she was, in effect, a third-party beneficiary to the *sales agreement* between the Cowleys and defendants, that places her in privity with both parties to that agreement. Defendants contest plaintiff's assertion that she was a third-party beneficiary to their agreement in the first place. They further contend that, even assuming that she was a third-party beneficiary, that does not stand her in privity with either party to the agreement.

We need not decide, however, whether plaintiff was a third-party beneficiary to the agreement because we agree with defendants that, even if she was, that does not make her in privity with the parties to the deed. That is because what matters in this case is plaintiff's relationship to the parties to the deed, not the agreement.

■     "Under the doctrine of merger, when a deed is delivered pursuant to the terms of a previous agreement, the deed 'supersedes the contract as to all its provisions made pursuant to the terms of the latter[.]' " *Archambault v. Ogier*, 194 Or App 361, 369, 95 P3d 257 (2004) (quoting *City of Bend v. Title & Trust Co.*, 134 Or 119, 127, 289 P 1044 (1930)). Upon merger of the sales agreement into the deed, any contractual rights and duties relating to title or possession are extinct unless memorialized in the deed. *See id.*; *see also Johnston v. Lindsay*, 206 Or 243, 248-49, 292 P2d 495 (1956) ("Covenants deemed to be collateral and dependent, it is said, are not destroyed by the execution of the deed, but a covenant is not so regarded if it looks to or is connected with the title, possession, quantity or emblements of the land which is the subject of the contract. In the case of a covenant regarding those matters the execution of the deed in pursuance of the contract will operate as an extinguishment of it."). Therefore, any benefit plaintiff may have claimed under the sales agreement was extinguished upon execution of the deed that did not mention an easement for her benefit.

Because plaintiff was neither a party to the deed nor in a relationship of privity with any party to the deed, the trial court erred in granting her relief in the form of reformation of that deed. In reaching that conclusion, we state no opinion about whether plaintiff may be entitled to relief on

any of her other claims, issues that the trial court did not have occasion to address.

On appeal, reversed and remanded; cross-appeal dismissed as moot.