Argued and submitted January 20, reversed and remanded July 8, 1987

# DAVIS,
*Appellant,*

*v.*

# SURCAMP,
dba Surcamp Logging,
*Respondent.*

(16-83-08092; CA A39049)

738 P2d 1006

Steve P. Chez, Eugene, argued the cause for appellant. With him on the brief was Chez & Carp, Eugene.

Robert A. Miller, Springfield, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff appeals from a judgment dismissing his amended complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). We reverse.

Plaintiff alleged that on December 3, 1981, while in the employ of defendant, he suffered a compensable injury. On March 30, 1982, he was released to return to work. He notified defendant of his availability for work, but defendant refused to return him to his former position or to any other available and suitable position. Plaintiff was unable to find other employment until April, 1983, and then only at a lower wage. The prayer seeks this relief:

"1.  Judgment for $22,000 damages for lost wages; and

"2.  $8,000 attorneys fees; and

"3.  Judgment for plaintiff's costs and disbursements incurred herein; and

"4.  For such other relief as the court may deem just and equitable."

On January 8, 1986, the case was tried to the court. On January 29, 1986, before judgment, the trial court *sua sponte* questioned whether the amended complaint states a claim for relief:

"Specifically, I am concerned regarding whether or not the relief sought in the Complaint, that is, lost wages and attorney fees, is contemplated by the statute under which the action purports to arise, ORS 659.121.

"* * * * *

"This section seems to suggest that plaintiff's remedy is reinstatement or other equitable relief, and that recovery of back wages may be incidental thereto. The Complaint herein seeks no equitable relief."

After receiving memoranda from the parties, the trial court entered the judgment of dismissal.

A complaint states facts sufficient to constitute a claim for relief if it contains allegations which permit the introduction of evidence which will satisfy the elements of the claim. *See Adams v. Oregon State Police,* 289 Or 233, 241, 611 P2d 1153 (1980). ORS 659.415 provides that a worker who has

sustained a compensable injury shall be reinstated to his former position upon demand, so long as the position is available and the worker is not disabled from performing his duties; if the former position is unavailable, the worker is to be reinstated to any other available and suitable position. A violation of ORS 659.415 is an unlawful employment practice. ORS 659.415(3). ORS 659.121(1) provides:

> "Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS * * * 659.415 * * * may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay."

There apparently is no dispute that plaintiff's amended complaint states a claim for relief under ORS 659.121 except for the failure to include in the prayer a request for an injunction.

In *Sanok v. Grimes,* 294 Or 684, 698 n 22, 662 P2d 693 (1983), the court stated:

> "It is to be noted that we do not examine the prayer for the purposes of determining, in each instance, whether the complaint states ultimate facts sufficient to constitute a claim, ORCP 21A.(8); rather we turn to the separate portions of the prayer only to determine the subject matter of each claim."

That statement is consistent with ORCP 18, which treats "[a] plain and concise statement of the ultimate facts constituting a claim for relief," ORCP 18A, as different from "[a] demand of the relief which the party claims." ORCP 18B. It is also consistent with *Employers' Fire Ins. v. Love It Ice Cream,* 64 Or App 784, 792, 670 P2d 160 (1983), which holds that "[t]he prayer is no part of the cause of action." Accordingly, plaintiff's failure to include in the prayer a request for an injunction does not mean that he has failed to allege facts sufficient to state a claim under ORS 659.121.

Respondent conceded at oral argument that the omission did not result in surprise or prejudice or prevent a full trial of the issues between the parties and that the evidence discloses the existence of a cause of action. *See Davis v. Tyee Industries, Inc.,* 295 Or 467, 483, 668 P2d 1186 (1983). It was error to dismiss the amended complaint.

One final matter remains. Plaintiff invites us to

review the record *de novo,* ORS 659.121, and to render a decision on the merits; we decline to do so, because we do not have the benefit of trial court findings.

Reversed and remanded for further proceedings not inconsistent with this opinion.