**BODEN,**
*Appellant,*

*v.*

**FORD MOTOR COMPANY et al,**
*Defendants,*
**WEST COAST AUTO SALVAGE AUCTION, INC.,**
*Respondent.*

(A8106-03502; CA A37569)

739 P2d 1067

Robert K. Udziela, Portland, argued the cause for appellant. With him on the briefs were Daniel C. Dziuba and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Carrell Bradley, Hillsboro, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

YOUNG, J.

In this negligence case, plaintiff appeals from a judgment, entered pursuant to ORCP 67B, in favor of defendant West Coast Auto Salvage Auction, Inc. (West Coast). The judgment was entered after the trial court dismissed the third amended complaint for failure to allege facts sufficient to constitute a claim.[1] ORCP 21A(8). We reverse.

We accept the facts pleaded by plaintiff as true. *Sommerfeldt v. Trammell*, 74 Or App 183, 187, 702 P2d 430 (1985). On August 30, 1979, plaintiff's van burst into flames after it was rear-ended by another vehicle. Plaintiff was injured. He brought a negligence claim against the driver of the other vehicle, Davidson, and Davidson & Sons Excavating. He also brought a strict products liability claim against the manufacturer of the van, Ford Motor Company, and the seller of the van, Rambo-Hayden Ford Co., on the theory that the van's fuel system, including the gas tank, was dangerously defective.

Plaintiff alleges that, sometime after the collision, Davidson's insurer, United States Fidelity & Guaranty Company (USF&G), took possession of the van's gas tank and delivered it to West Coast for storage. USF&G and West Coast allegedly knew, or in the exercise of ordinary care should have known, that the gas tank would be required as evidence in a lawsuit resulting from the collision. On December 28, 1982, plaintiff was informed that the gas tank was lost and probably destroyed. He alleges that, as a result, the value of his claim against the manufacturer and the seller was diminished by $2,726,159.86.[2]

The trial court granted West Coast's motion to dismiss for failure to state a claim. Although the court did not state its reasons, we assume that it accepted West Coast's argument that it did not owe a "duty" to plaintiff. The trial court did not, however, have the benefit of *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987).

---

[1] Plaintiff alleged three separate claims against West Coast: negligence, breach of bailment contract and conversion. Plaintiff appeals only the dismissal of the negligence claim.

[2] Plaintiff reached a structured settlement with the manufacturer and the seller for an amount having a present value of $358,923.22.

In a companion case, the court explained its reasoning in *Fazzolari:*

"As we have observed above and in *Fazzolari v. Portland School Dist. No. 1J, supra,* 303 Or at 16, broadly phrased arguments over 'duty' in common-law negligence tend to turn into a disputed rule of law what properly is a determination of the ordinary issues of negligence liability: whether defendant's conduct caused a foreseeable kind of harm to an interest protected against that kind of negligent invasion, and whether the conduct creating the risk of that kind of harm was unreasonable under the circumstances. The existence and magnitude of the risk at the intersection in question bear on the foreseeability of harm; the feasibility and cost of avoiding the risk bear on the reasonableness of defendant's conduct. Both clearly are empirical questions. We do not mean that they must in every case be submitted to a jury; in an extreme case a court can decide that no reasonable factfinder could find the risk foreseeable or defendant's conduct to have fallen below acceptable standards." *Donaca v. Curry County,* 303 Or 30, 38, 734 P2d 1339 (1987).

This is not an "extreme case." Plaintiff alleged that West Coast knew or in the exercise of ordinary care should have known that the gas tank would be required as evidence in a lawsuit resulting from the collision. Certainly, a reasonable jury could find it foreseeable that losing a piece of evidence would diminish the value of the lawsuit.[3] We cannot say that

---

[3] *Fazzolari v. Portland School Dist. No. 1J, supra,* 303 Or at 21, explains that foreseeability refers to general risks rather than the risk of the specific injury that actually occurred:

"The record suggests some confusion as to what a court must find within the range of a factfinder's determination of foreseeability. A defendant can be expected to argue that no one could have foreseen exactly what happened to the plaintiff, in this case, that Tammy Fazzolari would be attacked on the school house steps and raped at 6:50 a.m. on May 21, 1982. A plaintiff's definition of what a responsible defendant should foresee can be expected to encompass all the animate and inanimate sources of injury in a dangerous world. But foresight does not demand the precise mechanical imagination of a Rube Goldberg nor a paranoid view of the universe. As already noted, *Stewart v. Jefferson Plywood Co.*[, 255 Or 603, 469 P2d 783 (1970),] made clear that the concept of foreseeability refers to generalized risks of the type of incidents and injuries that occurred rather than predictability of the actual sequence of events. In that case, for instance, a factfinder could conclude that the foreseeable risks included physical injury from falling through a roof in protecting a nearby building from fire rather than from being burned by the fire."

Because of that discussion, we conclude that the issue in the present case is whether it was foreseeable that the loss of a piece of evidence would impair *someone's* lawsuit. It is not a controlling objection that West Coast could not have foreseen that losing the gas tank would harm this particular plaintiff.

no reasonable jury could find that West Coast's conduct fell below acceptable standards. It was error to grant the motion to dismiss.

Reversed and remanded.