COLLIER,
*Appellant,*

*v.*

BIDLEMAN,
*Respondent.*

(86-192-CV; CA A50627)

779 P2d 1099

David C. Force, Eugene, argued the cause and filed the briefs for appellant.

Christopher A. Ledwidge, Medford, argued the cause for respondent. With him on the brief was Frohnmayer, Deatherage, Pratt, Jamieson & Turner, P.C., Medford.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Plaintiff asks that we either create or recognize a new tort based on the violation of a federal statute. She alleges that defendant intentionally gave the United States Forest Service false information concerning the death of her husband, in violation of 18 USC § 1001 (section 1001),[1] and that, as a result, she lost her right to receive federal workers' compensation benefits as a surviving spouse. She seeks damages for emotional distress.[2] The trial court granted defendant's motion for summary judgment on the ground that plaintiff had not stated a claim[3] and entered a judgment dismissing the action. Plaintiff appeals, and we affirm.

Because the issue is whether plaintiff's third amended complaint states a claim for relief, we relate the facts as she alleges them. On August 3, 1980, Archie Wilson, plaintiff's husband, became ill while working as a firefighter for the Forest Service. Transportation at the fire camp was inadequate, and it therefore took over two hours to take Wilson to a hospital, where an emergency room physician treated him. At plaintiff's request, the hospital staff called defendant, who was plaintiff's personal physician, and asked him to come to the hospital and assist. He refused. Wilson died that day of an apparent myocardial infarction.

Under federal law, plaintiff was entitled to certain benefits if either Wilson's work or the Forest Service's failure

---

[1] 18 USC § 1001 provides, in pertinent part:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States, knowingly and willingly * * * makes any false, fictitious or fraudulent statements or representations, or makes use of any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

[2] In her second claim, on the theory of intentional interference with economic relations, plaintiff sought to recover the $8,000 in survivor's benefits that she allegedly lost. The trial court granted partial summary judgment on that claim on the ground that plaintiff could not show that her husband died in circumstances that would have entitled her to benefits. She does not assign error to that ruling.

[3] A motion for summary judgment is not the proper way to attack the sufficiency of a complaint. *See Richards v. Dahl,* 289 Or 747, 752, 618 P2d 418 (1980); *Pearce v. Glass,* 80 Or App 559, 563 n 3, 723 P2d 1031 (1986). Because defendant filed the motion after answering, we treat it as equivalent to a motion for judgment on the pleadings. ORCP 21B; *see Humphrey v. Coleman,* 86 Or App 511, 514-515, 739 P2d 1081 (1987).

to provide adequate medical evacuation facilities contributed to his death. She made a claim for those benefits. A Forest Service employe who was investigating the claim called defendant, who told the employe that he had treated Wilson for pre-existing heart problems, that Wilson had undergone coronary bypass surgery, that it was certain that Wilson died of a myocardial infarction, and that no autopsy was necessary to establish that fact. Defendant later stated in writing that he was Wilson's attending physician, that Wilson's death was instantaneous, and that it was not caused by his work. Defendant's statements were false and constituted a violation of section 1001. As a result of them, plaintiff allegedly suffered extreme emotional distress.

The trial court ruled that a violation of section 1001 does not render the violator civilly liable to an individual who may be injured thereby. Rather, it held, the purpose of the statute is to protect the government from false claims; the criminal penalty is the only available method of enforcement. Therefore, the court held, plaintiff had not stated a claim.

Plaintiff attacks the trial court's ruling on two alternative, inconsistent grounds. She argues, first, that section 1001 in itself creates a new tort, at least in Oregon. On the other hand, plaintiff also argues that the statute simply "sets a *standard of conduct/duty* for persons making representations to Federal departments and agencies." (Emphasis plaintiff's.) That argument necessarily presumes that the statute establishes a level of conduct that applies to some already existing tort. We need not decide which theory actually forms the foundation of plaintiff's complaint, because neither is correct.

■ ■ We consider the second argument first. Plaintiff states that she does not contend "that Section 1001 *creates* a direct Federal statutory remedy for civil as well as criminal cases." (Emphasis plaintiff's.) Instead, she asserts that section 1001 "sets a *standard of conduct/duty* for persons making representations to Federal departments and agencies; for the breach of which consequent damages are remediable in tort damages." (Emphasis plaintiff's.) The difficulty with the argument is that a "standard of conduct/duty" does not float free of all context. To have legal meaning, it must be a standard for some specific tort. *See Shahtout v. Emco Garbage Co.,* 298 Or 598, 601, 695 P2d 897 (1985). Plaintiff, however, does

not suggest any tort for which section 1001 may establish the standard in this case. She comes closest to alleging the tort of intentional infliction of emotional distress. However, she does not allege that defendant intended to inflict the distress that she suffered, which is an essential element of the tort. *See Sheets v. Knight,* 308 Or 220, 236, 779 P2d 1000 (1989).[4] Without allegations showing that he committed some recognized tort, defendant's violation of section 1001 does not make him liable for tort damages.

We turn to plaintiff's first argument, that section 1001 supports the creation of a new statutory tort. Plaintiff concedes that a violation of section 1001 does not create a right to damages under federal law. *See, e.g., Federal Sav. and Loan Ins. Corp. v. Reeves,* 816 F2d 130 (4th Cir 1987).[5] We therefore need not discuss plaintiff's rights under federal law any further.

 Notwithstanding the federal cases, plaintiff contends that a violation of section 1001 is a tort under Oregon law. In order to hold in her favor, we would first have to determine that Congress intended to include persons who lose benefits as the result of false statements to government bodies to be among those whom section 1001 protects. *See Dunlap v. Dickson,* 307 Or 175, 179, 765 P2d 203 (1988); *Bob Godfrey Pontiac v. Roloff,* 291 Or 318, 326, 630 P2d 840 (1981); Forell, "The Interrelationship of Statutes and Tort Actions," 66 Or L Rev 219, 239 (1987). There simply is no support for such a holding in this case. The purpose of section 1001 is to prevent the perpetration of frauds on the government. *See United States v. Bramblett,* 348 US 503, 504-508, 75 S Ct 504, 99 L Ed 594 (1955). No federal court has held that Congress intended

---

[4] Plaintiff did not plead a claim for deceit, nor does she argue that she could recover on that theory even though it was the Forest Service, not plaintiff, who relied on defendant's statements. *See Note,* 33 Minn L Rev 194 (1949). Neither does plaintiff allege that defendant acted negligently. Therefore, cases that treat statutes as relevant to the standard of care in a negligence action have no bearing on her claim. *See, e.g., Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 19-20, 734 P2d 1326 (1987).

[5] Plaintiff argues that *Federal Savings and Loan Insurance Corp. v. Kreuger,* 435 F2d 633 (7th Cir 1970), and *Katin v. Apollo Savings,* 460 F2d 422 (7th Cir 1971), *cert den* 406 US 918 (1972), support civil liability based on section 1001. However, those cases deal only with jurisdictional and abstention issues, not with whether the plaintiffs had stated claims for relief. In *Kreuger,* the plaintiff did not even assert section 1001 as a basis for liability. *See Federal Sav. and Loan Ins. Corp. v. Reeves, supra,* 816 F2d at 138 n 10.

that the statute protect individuals who suffer losses as the result of a violation, and we see no reason to reach a different conclusion. The necessary foundation for using section 1001 as a source of state tort law is missing.

■　　Plaintiff says that the purpose of the government is to serve the people and that, therefore, the people individually are the necessary beneficiaries of *any* law intended to protect the government. She may be correct that the ultimate result of all governmental action should be to benefit the people. However, Congress may seek to achieve that goal in a variety of ways, including actions to protect the people by protecting the government's institutional interests. There is no requirement that, by those laws, Congress also create specific rights for specific individuals, enforceable by state tort law. Plaintiff has failed to state a claim.

Affirmed.