Argued and submitted December 16, 1997, reversed and remanded for further
proceedings April 29, 1998

## William E. GILDOW,
*Appellant,*

*v.*

## Roy A. SMITH
## and Laurie A. Lord-Smith,
*Respondents.*

## (C941050CV; CA A96237)

957 P2d 199

Karen O'Kasey argued the cause for appellant. With her on the briefs was Schwabe, Williamson & Wyatt, P.C.

Kit A. Jensen argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Plaintiff brought this action for injunctive relief, seeking to require defendants, who hold an easement for use of a gravel road over plaintiff's property, to maintain the road and to refrain from traveling outside of the established easement. He appeals from a judgment for defendants after the trial court's order of involuntary dismissal. We conclude that the trial court erred in dismissing the claim and reverse and remand.

Defendants own a four-acre parcel that has no access from a public road. The gravel road that is the subject of this dispute runs from a county road along the southwest corner of plaintiff's property across plaintiff's and defendants' property to the property of Bud Howell. The existence of defendants' easement to use the road for access to their property has been confirmed in other litigation. The road is used by defendants, plaintiff and Howell.

Plaintiff purchased his property in 1971. He maintained the gravel road by applying gravel and grading. In 1977, defendants' predecessors in interest, Joan and Theodore Spidal, signed a "private access agreement" in which they agreed to be fully responsible for the maintenance of the road:

> "We, the undersigned, representing no less than 60% of the land owners served by [the gravel road] do hereby mutually and individually covenant and agree to bind ourselves, our heirs, successors and assigns of our land respectively, presently served by the above described access or any future partitioned portion thereof, at our own expense to improve and provide maintenance of the above-described access to the following standard: All weather."

The agreement was recorded. Spidals' successors, David and Roberta Waits, assumed the agreement when they purchased the property in 1984. Defendants purchased the property from Waits in 1987, also expressly subject to the agreement.

In March 1993, plaintiff's attorney sent a letter to defendants requesting that they perform maintenance on the road:

"To that end please arrange to have the roadway from the county road to the bridge graded and leveled at least two times per year and stop expanding the roadway by cutting across the grassy area where the driveway and the roadway meet."

At the time that the letter was sent, the road was in good repair. Plaintiff graded the road in 1995 and in 1996, without assistance from defendants.

Plaintiff originally brought this proceeding as an equitable action for trespass, seeking an injunction to prohibit defendants from using the road. Plaintiff then filed an amended complaint for "Trespass—Unauthorized Entry onto Land and for Failure to Comply with ORS 105.175,"[1] acknowledging the existence of defendants' easement but requesting an injunction requiring defendants to maintain the road pursuant to the private access agreement and to refrain from driving off of it. Plaintiff did not specifically cite ORS 105.180[2] or request money damages, but he did seek attorney fees under ORS 105.180(2).

---

[1] ORS 105.175 provides, in part:

"(1) The holders of an interest in any easement shall maintain the easement in repair.

"(2) The cost of maintaining the easement in repair shall be shared by each holder of an interest in the easement, pursuant to the terms of any agreement entered into by the parties for that purpose or any recorded instrument creating the easement."

[2] ORS 105.180 provides:

"(1) If any holder of an interest in an easement fails to maintain the easement contrary to an agreement or contrary to the maintenance provisions of a recorded instrument creating the easement or, in the absence of an agreement or recorded instrument imposing maintenance obligations, fails after demand in writing to pay the holder's proportion of the cost as indicated in ORS 105.175 (3) and (4), a civil action for money damages or specific performance or contribution may be brought against that person in a court of competent jurisdiction *by one or more of the other holders of an interest in the easement,* either jointly or severally. In any such civil action, the court may order such equitable relief as may be just in the circumstances. Nothing in ORS 105.170 to 105.185 shall impose a maintenance obligation on the holder of an interest in an easement based on the maintenance provisions in an instrument creating the easement if such holder is not a party to such instrument, whether the instrument is recorded or not, after such holder ceases to use the easement.

"(2) The prevailing party shall recover all court costs, arbitration fees and attorney fees.

"(3) Any holder of an interest in the easement may apply to the court of competent jurisdiction where the easement is located and that has jurisdiction over the amount in controversy for the appointment of an impartial arbitrator

At the close of plaintiff's case, defendants moved to dismiss the complaint on the ground that injunctive relief was not an appropriate remedy because plaintiff had not shown irreparable harm and had an adequate remedy at law. The trial court granted the motion and dismissed the action pursuant to ORCP 54 B(2),[3] explaining:

"There is a remedy here, and the remedy is ORS 105.180, and that's a civil remedy for money damages or specific performance or contribution, but not for injunctive relief."

Plaintiff moved to amend his complaint to request money damages and specific performance of the agreement to maintain the road. The trial court denied the motion to amend the complaint and awarded defendants their attorney fees pursuant to ORS 105.180(2). The court further denied plaintiff's motion for new trial.

On appeal, plaintiff assigns error to the dismissal of the action and to the denials of the motions to amend the complaint and for new trial. He further assigns error to the award of attorney fees to defendants under ORS 105.180(2). In reviewing the trial court's order of dismissal of the action without prejudice under ORCP 54 B(2), we consider the whole record to determine whether there is any evidence sufficient to make a *prima facie* case, *Ranger Ins. Co. v. Globe Feed & Seed Co., Inc.*, 125 Or App 321, 327, 865 P2d 451 (1994), keeping in mind that motions under ORCP 54 B(2) are to be "sparingly granted." *Castro and Castro*, 51 Or App 707, 713, 626 P2d 950 (1981). Although we agree with the

---

to apportion the cost, and the matter may be arbitrated in accordance with ORS 36.300 to 36.365. The application may be made before, during or after performance of the maintenance work." (Emphasis supplied.)

[3] ORCP 54 B(2) provides:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the plaintiff, the court shall make findings as provided in Rule 62."

trial court that plaintiff has failed to establish his entitlement to the remedy of an injunction, we conclude that the court erred in dismissing the claim.

■ An injunction is an extraordinary remedy, to be granted only on clear and convincing proof of irreparable harm when there is no adequate legal remedy. *Wilson v. Parent*, 228 Or 354, 370, 365 P2d 72 (1961). It does not issue as a matter of right, but is within the discretion of the court. *Jewett v. Deerhorn Enterprises, Inc.*, 281 Or 469, 473, 478, 575 P2d 164 (1978). Because plaintiff has not made a showing of irreparable harm, we agree with the trial court that the remedy of an injunction was not appropriate.

■ Plaintiff has, however, made a *prima facie* case under ORS 105.180. That statute provides a right of action for money damages, specific performance, contribution or "such equitable relief as may be just in the circumstances" for the breach of an agreement to maintain an easement. Although plaintiff did not specifically allege that his action was brought under ORS 105.180, his amended complaint adequately pled a claim for relief under that section. The complaint alleged that defendants have an easement for use of the road and that, contrary to the terms of the private access agreement, defendants failed to provide maintenance to the road or reimburse plaintiff for his costs. The prayer sought injunctive relief and "further relief as the court may deem appropriate and proper." In his case-in-chief, plaintiff put on evidence of the existence of the easement and the private access agreement and that, although during the period in question he performed all maintenance with his own equipment and labor, it would cost approximately $450 per year to hire someone to perform the necessary work. Plaintiff's evidence makes a *prima facie* case under ORS 105.180(1).

■ Defendants challenge the enforceability of the private access agreement, contending for several reasons that they should not be bound by it. That evidence may be relevant on remand, but we need not address defendant's challenges here, as they have no bearing on whether plaintiff has made a *prima facie* case. We reject defendants' further contention that Howell is a necessary party to this proceeding

because he uses the road and has performed some maintenance on it. Plaintiff's claim against defendants under ORS 105.180 does not affect Howell's interest, and there is no indication that a disposition of the claim in his absence might subject defendants to inconsistent obligations. *See* ORCP 29. The trial court accordingly erred in dismissing the action. In light of our holding, we do not address plaintiff's remaining assignments of error.

Reversed and remanded for further proceedings.