Argued and submitted March 18, reversed and remanded April 10, 2002

Janet C. DAHLEN,
*Appellant,*

*v.*

OREGON TRANSFER COMPANY,
*Respondent.*

95-0402210; A90334

43 P3d 1214

Charles Robinowitz argued the cause and filed the briefs for appellant.

Kenneth L. Kleinsmith argued the cause for respondent. With him on the brief was Meyers, Radler, Bohy, Replogle & Miller.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

PER CURIAM

## PER CURIAM

■ Plaintiff filed a complaint against defendant, her employer, for injuries she suffered at work. She alleged that she had filed a claim for workers' compensation benefits and that the claim was denied as noncompensable. Defendant moved to dismiss the complaint, arguing that, under ORS 656.018(1), plaintiff's exclusive remedy was under the state workers' compensation law. The trial court agreed and dismissed the complaint.

Meanwhile, in *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001), the Supreme Court held that ORS 656.018(1) cannot constitutionally preclude recovery against an employer in tort when a workers' compensation claim has been denied because of a failure to satisfy the statutory causation standard of major contributing cause. Plaintiff now argues that the trial court erred in dismissing her complaint, because, as the court held in *Smothers*, workers' compensation is not necessarily her only remedy. Defendant argues that *Smothers* applies only to cases in which the workers' compensation claim was denied because of a failure to satisfy the statutory standard of causation, and, in this case, the complaint fails to allege that fact. Plaintiff replies that no such specific allegation is required.

■ We agree with plaintiff. As we held in *Davis v. Surcamp*, 86 Or App 310, 312, 738 P2d 1006 (1987), "[a] complaint states facts sufficient to constitute a claim for relief if it contains allegations which permit the introduction of evidence which will satisfy the elements of the claim." The allegations of plaintiff's complaint are sufficient under that standard.

Reversed and remanded.