NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 28 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONIA BRAUN-SALINAS; GUILLERMO SALINAS, husband and wife; ESTER MACEDO, individually, | No.    14-35369 |
| Plaintiffs-Appellants, | D.C. No. 3:13-cv-00264-AC |
| v. | MEMORANDUM* |
| AMERICAN FAMILY INSURANCE GROUP, DBA American Family Mutual Insurance Company, a foreign business corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Submitted October 3, 2016**
Portland, Oregon

Before: CLIFTON, MURGUIA, and NGUYEN, Circuit Judges.

Sonia Braun-Salinas, Guillermo Salinas, and Ester Macedo (the "Insureds")

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

appeal the grant of summary judgment to American Family Insurance Group

("American") as to claims for negligence *per se* and breach of the implied

covenant of good faith and fair dealing. We have jurisdiction under 28 U.S.C. §

1291. We affirm.

We review the grant of summary judgment de novo. *Nolan v. Heald Coll.*,

551 F.3d 1148, 1153 (9th Cir. 2009). However, if a party opposing summary

judgment fails to alert the district court that an outstanding discovery motion

precludes summary judgment, the timing of the grant of summary judgment is

reviewed for abuse of discretion. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1135

(9th Cir. 2008).

## I.    Negligence *Per Se* Claim

The Insureds contend that Oregon recognizes a negligence *per se* claim

based on an insurer's failure to pay insurance benefits in violation of the standard

of care set forth in Oregon Revised Statute § 746.230. Oregon's highest and

intermediate courts, however, have allowed a negligence *per se* claim only where a

"negligence claim otherwise exists." *Deckard v. Bunch*, 370 P.3d 478, 483 n.6

(Or. 2016). Because the Insureds cannot bring a negligence claim under a statutory

or common law theory, they are also precluded from bringing a hybrid negligence

2

*per se* claim.

The Oregon Court of Appeals has rejected a statutory theory, holding that a violation of the statute at issue here "does not give rise to a tort action." *Employers' Fire Ins. Co. v. Love It Ice Cream Co.*, 670 P.2d 160, 164–65 (Or. Ct. App. 1983) (rejecting bad faith claim for refusal to pay fire insurance benefits in violation of ORS 746.230); *Richardson v. Guardian Life Ins. Co. of Am.*, 984 P.2d 917, 923 (Or. Ct. App. 1999) (rejecting bad faith claim for refusal to pay disability insurance benefits in violation of ORS 746.230 because such a violation was "not independently actionable").

The Insureds argue that those cases bar a *statutory* claim—meaning a private right of action created by statute—whereas the Insureds bring a *common law* claim for negligence *per se* that relies on the statute only to determine that claim's "standard of care" element. This argument is unpersuasive because the Oregon Court of Appeals has also declined to recognize a common law negligence claim for failure to pay first-party insurance benefits. *See Strader v. Grange Mut. Ins. Co.*, 39 P.3d 903, 906–07 (Or. Ct. App. 2002).

The Insureds' remaining arguments rely on inapposite authority. They cite to *Georgetown Realty, Inc. v. Home Ins. Co.*, which recognized a breach of

fiduciary duty claim where the liability insurer, after undertaking a defense, failed to adhere to the standard of care applicable to defending the insured against a third party's lawsuit. 831 P.2d 7, 12–14 (Or. 1992). *Georgetown Realty* has no application here because that ruling has been limited to cases where a "special fiduciary-like relationship" exists between the insurer and insured due to the insured delegating authority to exercise judgment on its behalf. *Strader*, 39 P.3d at 906. Because the Insureds have not established the special relationship element of a common law negligence claim, they cannot succeed on a common law negligence *per se* claim. *See Deckard*, 370 P.3d at 483 n.6 ("A statute that sets a standard of care addresses only one element of a negligence claim; other elements remain unaffected and must be established.").

The Insureds also cite two Oregon intermediate court cases that recognize negligence *per se* claims based on statutes outside the insurance context. *See Abraham v. T. Henry Constr., Inc.*, 217 P.3d 212, 217–18 (Or. Ct. App. 2009) (recognizing negligence *per se* claim based on building code), *aff'd on other grounds* 249 P.3d 534 (Or. 2011); *Simpkins v. Connor,* 150 P.3d 417, 421 (Or. Ct. App. 2006) (recognizing negligence claim where statute requiring the production of medical records created a duty owed to patients or persons authorized to request

4

such records).  In the insurance context, however, Oregon courts have declined to recognize a claim based on failure to pay first-party insurance benefits under both a statutory and common law negligence theory.

**II. Breach of the Implied Covenant of Good Faith and Fair Dealing Claim**

The Insureds argue that the district court erred in granting summary judgment on their breach of the implied covenant of good faith and fair dealing claim before ruling on their motion to compel.  However, the Insureds did not oppose summary judgment below on the grounds that they needed more evidence, nor did they file a motion under Federal Rule of Civil Procedure 56(d) seeking time to gather such evidence or otherwise timely alert the district court that summary judgment should be delayed.  Given these failures, the district court did not abuse its discretion in granting summary judgment on the breach of the implied covenant of good faith and fair dealing claim.  *See Lane*, 523 F.3d at 1135.

**AFFIRMED.**



*Braun-Salinas v. American Family Insurance Group*, No. 14-35369

CLIFTON, Circuit Judge, concurring:

I concur completely in the disposition. Nonetheless, I write separately to express concern regarding the district court's decision to enter this judgment as final under Rule 54(b). That was problematic.

Rule 54(b) explicitly provides that the court may direct entry of a final judgment of fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay." There was no such determination here.

More broadly, it is not obvious why there was no just reason for delay in entering a final judgment as to this element of the case, or, alternatively, what reason there was to certify this case for interlocutory appeal. This appears to be a routine insurance dispute raising claims whose partial adjudication is likewise routine. Entering a Rule 54(b) final judgment promoted a disfavored piecemeal appeal. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980). Adjudicating the bad faith and negligence *per se* claims in this appeal does not guarantee that we will not be faced with another appeal on the remaining contract claim. Indeed, allowing the contract claim to proceed at the district court might have resulted in a settlement, obviating the need for an appeal altogether. It is doubtful that the interests of judicial administration were served by this appeal. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 881 (9th Cir. 2005). At a minimum,

the district court failed to provide an explanation that we could consider.

In addition, the district court's order reflects an incomplete understanding of how appeals in pending cases are to be brought. In response to a motion, the district court both entered judgment under Rule 54(b) and granted permission to file an interlocutory appeal under 28 U.S.C. § 1292(b). Rule 54(b) and section 1292(b) provide alternative, non-overlapping bases for appeal. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). The district court did not distinguish between these two grounds when entering its order and judgment of dismissal, and it did not explain its reason for either. We have treated the judgment as final, and that makes sense at this point for reasons of efficiency and simplicity, but this is not a course that should be repeated in the future.