MEMORANDUM **
Sonia Braun-Salinas, Guillermo Salinas, and Ester Maeedo (the “Insureds”) appeal the grant of summary judgment to American Family Insurance Group (“American”) as to claims for negligence per se and breach of the implied covenant of good faith and fair dealing. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
We review the grant of summary judgment de novo. Nolan v. Heald Coll., 551 F.3d 1148, 1153 (9th Cir. 2009). However, if a party opposing summary judgment fails to alert the district court that an outstanding discovery motion precludes summary judgment, the timing of the grant of summary judgment is reviewed for abuse of discretion. Lane v. Dep’t of Interior, 523 F.3d 1128, 1135 (9th Cir. 2008).
I. Negligence Per Se Claim
The Insureds contend that Oregon recognizes a negligence per se claim based on an insurer’s failure to pay insurance benefits in violation of the standard of care set forth in Oregon Revised Statute § 746.230. Oregon’s highest and intermediate courts, however, have allowed a negligence per se claim only where a “negligence claim otherwise exists.” Deckard v. *578 Bunch, 358 Or. 754, 370 P.3d 478, 483 n.6 (2016). Because the Insureds cannot bring a negligence claim under a statutory or common law theory, they are also precluded from bringing a hybrid negligence per se claim.
The Oregon Court of Appeals has rejected a statutory theory, holding that a violation of the statute at issue here “does not give rise to a tort action.” Employers’ Fire Ins. Co. v. Love It Ice Cream Co., 64 Or.App. 784, 670 P.2d 160, 164-65 (1983) (rejecting bad faith claim for refusal to pay fire insurance benefits in violation of ORS 746.230); Richardson v. Guardian Life Ins. Co. of Am., 161 Or.App. 615, 984 P.2d 917, 923 (1999) (rejecting bad faith claim for refusal to pay disability insurance benefits in violation of ORS 746.230 because such a violation was “not independently actionable”).
The Insureds argue that those cases bar a statutory claim—meaning a private right of action created by statute—whereas the Insureds bring a common law claim for negligence per se that relies on the statute only to determine that claim’s “standard of care” element. This argument is unpersuasive because the Oregon Court of Appeals has also declined to recognize a common law negligence claim for failure to pay first-party insurance benefits. See Strader v. Grange Mut. Ins. Co., 179 Or.App. 329, 39 P.3d 903, 906-07 (2002).
The Insureds’ remaining arguments rely on inapposite authority. They cite to Georgetown Realty, Inc. v. Home Ins. Co., which recognized a breach of fiduciary duty claim where the liability insurer, after undertaking a defense, failed to adhere to the standard of care applicable to defending the insured against a third party’s lawsuit. 313 Or. 97, 831 P.2d 7, 12-14 (1992). Georgetown Realty has no application here because that ruling has been limited to cases where a “special fiduciary-like relationship” exists between the insurer and insured due to the insured delegating authority to exercise judgment on its behalf. Strader, 39 P.3d at 906. Because the Insureds have not established the special relationship element of a common law negligence claim, they cannot succeed on a common law negligence per se claim. See Deckard, 370 P.3d at 483 n.6 (“A statute that sets a standard of care addresses only one element of a negligence claim; other elements remain unaffected and must be established.”).
The Insureds also cite two Oregon intermediate court cases that recognize negligence per se claims based on statutes outside the insurance context. See Abraham v. T. Henry Constr., Inc., 230 Or.App. 564, 217 P.3d 212, 217-18 (2009) (recognizing negligence per se claim based on building code), aff'd on other grounds 350 Or. 29, 249 P.3d 534 (2011); Simpkins v. Connor, 210 Or.App. 224, 150 P.3d 417, 421 (2006) (recognizing negligence claim where statute requiring the production of medical records created a duty owed to patients or persons authorized to request such records). In the insurance context, however, Oregon courts have declined to recognize a claim based on failure to pay first-party insurance benefits under both a statutory and common law negligence theory.
II. Breach of the Implied Covenant of Good Faith and Fair Dealing Claim
The Insureds argue that the district court erred in granting summary judgment on their breach of the implied covenant of good faith and fair dealing claim before ruling on their motion to compel. However, the Insureds did not oppose summary judgment below on the grounds that they needed more evidence, nor did they file a motion under Federal Rule of Civil Procedure 56(d) seeking time to gather such evidence or otherwise timely alert *579 the district court that summary judgment should be delayed. Given these failures, the district court did not abuse its discretion in granting summary judgment on the breach of the implied covenant of good faith and fair dealing claim. See Lane, 523 F.3d at 1135.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.